**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-01929-CMA-KMT

SHAUN OPPENHEIMER, and
DEBRA OPPENHEIMER,

    Plaintiffs,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendant.

---

**ORDER *SUA SPONTE* REMANDING CASE TO STATE COURT**

---

This matter is before the Court *sua sponte*. For the reasons discussed below, the Court concludes that Defendant Allstate Fire and Casualty Insurance Co. has not established this Court's subject matter jurisdiction over this case. As such, the Court remands this case to the District Court, El Paso County, Colorado, for further proceedings.

## I. BACKGROUND

This case concerns property damage sustained during the Black Forest Fire. (Doc. # 3 at 2.) On June 10, 2014, Plaintiff filed a Complaint in Colorado state court alleging claims for breach of the implied covenant of good faith and fair dealing, breach of contract, and statutory bad faith. (*Id.* at 2-5.) Defendant filed a Notice of Removal on July 10, 2014, alleging diversity jurisdiction under 28 U.S.C. § 1332. (Doc. # 1.)

## II. **DISCUSSION**

Section 1332(a) sets forth two requirements for diversity jurisdiction: (1) an "amount in controversy [that] exceeds the sum or value of $75,000 exclusive of interest and costs" and (2) diversity of citizenship between the parties.  28 U.S.C. § 1332(a).  The party invoking federal jurisdiction bears the burden of proving that such jurisdiction exists.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  A removing defendant must prove jurisdictional facts by a "preponderance of the evidence," including that the amount in controversy may exceed $75,000.  *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).  Such proof may arise in a variety of ways, *see id.* at 954, but conclusory assertions or outright speculation do not suffice, *Tafoya v. American Family Mutual Insurance Co.*, 2009 WL 211661, at *2 (D. Colo. Jan. 28, 2009) (unpublished).

In the instant case, while Defendant asserts that the amount in controversy exceeds $100,000 (Doc. # 1 at 3), Plaintiff, in her Complaint, did not specify a monetary estimate of the damages it allegedly suffered (*see* Doc. # 3).  Instead, Plaintiff merely asks for "compensatory damages . . . [and] double damages . . .  pursuant to C.R.S. § 10-3-1116."  (*Id.* at 6.)  The sole instance of Plaintiff's estimate of damages is found on the state court Civil Cover Sheet accompanying Plaintiff's Complaint, which includes a check-marked box indicating that Plaintiff is seeking a monetary judgment for more than $100,000.00 against Defendant.  (Doc. # 1-8.)  This Court has previously addressed the evidentiary value, or lack thereof, of the state court Civil Cover Sheet in, for example, *Garner v. Vaki*, No. 11-cv-01283, 2011 WL 2463285, at *1 (D. Colo. June 21, 2011) (unpublished), and *Tejada v. Allstate Fire & Casualty Insurance Co.*, No. 09-

cv-02096, 2009 WL 2958727, at *1 (D. Colo. Sept. 10, 2009) (unpublished).  In both *Garner* and *Tejada*, the Court stated that "the Colorado Civil Cover Sheet, by itself, does not establish the requisite amount in controversy to sustain diversity jurisdiction." *Id.* (citing *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208 (D. Colo. 2007)).

Defendant acknowledges that several federal courts in this district find it impermissible to rely solely on the Civil Cover Sheet, yet asks this Court to view that sheet as "evidence, in conjunction with Plaintiffs' multitude of claims . . . , that the amount in controversy exceeds the sum or value of $75,000."  (Doc. # 1 at 3.)  The Court declines Defendant's request.  It is clear from the allegations of the Complaint that Defendant has been negotiating Plaintiff's claims for several months.  Plaintiffs allege that Defendant "refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in the amount sufficient to cover the damaged property . . . ."  (Doc. # 3 at 3.)  Thus demands have been made, to which Defendant has responded.  Accordingly, it appears to this Court that Defendant is on notice of the amounts claimed by Plaintiffs and, therefore, could have provided evidence of that amount to meet its burden.  Indeed, Defendant could have provided this Court with information regarding the demand letters or provided affidavits regarding the amount in controversy, both of which are often relied upon to establish the amount. *See Tejada*, 2009 WL 2958727, at *1.

Here, there is insufficient evidence that the value of this action exceeds the amount in controversy requirement of $75,000.  Any attempt by the Court to calculate the potential amount of damages "would simply be guesswork and, thus, amount to

improper speculation." *Garner*, 2011 WL 2463285, at *1 (citing *Tafoya*, 2009 WL 211661, at *2.)  Thus, Defendant's Notice of Removal does not establish the requisite jurisdictional amount by a preponderance of the evidence.

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that this action is REMANDED to the District Court, El Paso County, Colorado, for further proceedings.

DATED:  July   30  , 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge